IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX BERNARD JOHNSON, | § | |
| (TDCJ-CID #1167266) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3179 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM AND OPINION

The petitioner, Alex Bernard Johnson, seeks habeas corpus relief under 28 U.S.C. § 2254,

challenging three state felony convictions. The respondent filed a motion for summary judgment,

with a copy of the state court record, and Johnson filed a response, (Docket Entry Nos. 11, 14).

Based on careful consideration of the pleadings, the motion and response, the record, and the

applicable law, this court grants the respondent's motion and, by separate order, enters final

judgment. The reasons are set out below.

I.      Background

In 2003, Johnson pleaded guilty to aggravated sexual assault in Cause Number 916099, and

on April 21, 2003, the court sentenced him to life imprisonment. Johnson also pleaded guilty to

aggravated kidnaping in Cause Number 916100, and received life imprisonment. Finally, he pleaded

guilty to aggravated assault in Cause No. 916110, and received a 20-year sentence. The Fourteenth

Court of Appeals of Texas affirmed Johnson's convictions and sentences on February 26, 2004.

Johnson did not file petitions for discretionary review in the Texas Court of Criminal Appeals. On

April 23, 2008, Johnson filed applications for state habeas corpus relief, which the Texas Court of

Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on

December 17, 2008. On May 30, 2013, Johnson filed additional applications for state habeas relief.

The Texas Court of Criminal Appeals denied these applications without written order, on findings

of the trial court, without a hearing on August 21, 2013.

Johnson filed this federal petition, with the assistance of counsel, on October 28, 2013.

Johnson challenges the constitutionality of his sentences based on *Graham v. Florida*, 560 U.S. 48

(2010), which held that a life sentence for a juvenile, without the opportunity for parole, for an

offense other than murder, violated the Eighth Amendment. (Docket Entry No. 1, Petition for Writ

of Habeas Corpus, p. 3).

The respondent moved for summary judgment on the grounds that Johnson filed this petition

too late and that *Graham* is inapplicable because Johnson is eligible for parole on all three of his

state-court sentences. In the interest of judicial economy, the court addresses the second argument,

based on the merits rather than on the timing of the petition.

## II.      The Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254,

provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

(e)(1)  In a proceeding instituted by an application for a  writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits."  An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

A state-court determination of questions of law and of mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495 (2000).  A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495.  In deciding whether a state court's application was unreasonable, a federal court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson*, 215 F.3d 504, 508 (5th Cir. 2000).  The state court's factual findings are "presumed to

be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless they are rebutted with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express factual findings, but also to the state court's implicit findings. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)). Section 2254(e)(1) overrides the ordinary rule that, in deciding a summary judgment motion, the court construes disputed facts in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence," the state court's findings of fact must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

## III.    Analysis

In *Graham v. Florida,* 560 U.S. 48 (2010), the Supreme Court held that "[t]he Constitution prohibits the imposition of life without parole sentence on a juvenile offender who did not commit homicide." 560 U.S. at 82. In *Miller v. Alabama,* —U.S.——, 132 S. Ct. 2455, 2460 (2012), the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment'."

Under Texas law, Johnson will be eligible for release to parole after he serves the lesser of half the term of each sentence or 30 years. TEX. GOV'T CODE § 508.145(d) (West 2002). TDCJ

Case 4:13-cv-03179   Document 15   Filed in TXSD on 05/19/15   Page 5 of 7

records reveal that in Cause Numbers 916099 and 916100, Johnson will be eligible for release to parole on June 22, 2032, 30 years after he began serving his life sentences. (Docket Entry No. 11-3, pp. 2-3). In Cause Number 916110, Johnson was eligible for release to parole on June 22, 2012, 10 years after he began serving his 20-year sentence. (Docket Entry No. 11-3, p. 2).

As to Cause Number 916099, the state habeas court found:

> 3.      The applicant was seventeen years old at the time of the offense.
>
> 4.      The applicant's previous application for writ of habeas corpus was denied on December 17, 2008, before the Supreme Court's decision in *Graham v. Florida,* 130 S. Ct. 2011 (2010).
>
> 5.      The applicant will be eligible for parole before the end of his prison term. TEX. GOV'T CODE ANN. § 508.142 (West 2001).
>
> 6.      The decision to grant parole is left to the discretion of the voting parole panel. TEX. ADMIN. CODE ANN. § 145.2 (West 2012)[.]
>
> 7.      The applicant has a realistic opportunity to obtain parole before the end of his sentence.
>
> 8.      The applicant's sentence is within the lawful range of punishment for the offense he Committed. TEX. PENAL CODE ANN. § 12.32 (West 2012).
>
> 9.      The applicant has not presented evidence of a national consensus against a life sentence for aggravated sexual assault when the offender is a juvenile and will be eligible for parole.

(Docket Entry No. 13-12, pp. 49-50).[1]

The state habeas court concluded:

> 1.      The Supreme Court's decision in *Graham v. Florida,* 130 S. Ct. 2011 (2010), does not apply to the instant case because the

---

[1] The state habeas court made similar findings in Cause Number 916100. (Docket Entry No. 13-13, pp. 49-50).

P:\CASES\prisoner-habeas\2013\13-3179.c03.wpd

5

applicant was not sentenced to life without parole, and has a realistic opportunity to obtain release before the end of his term.

2.      The applicant's sentence does not violate the constitutional prohibition against cruel and unusual punishment. *Samuel v. State,* 477 S.W. 2d 611 (Tex. Crim. App. 1972); *Graham v. Florida,* 130 S. Ct. 2011 (2010).

(Docket Entry No. 13-12, p. 50).

The Court of Criminal Appeals expressly based its denial of habeas relief on these findings. These determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Johnson has not produced clear and convincing evidence to rebut these findings. The state court's decision reasonably applied the law to the facts, consistent with clearly established federal law. Johnson has not shown a basis for the relief he seeks. 28 U.S.C. § 2254(d)(1).

## IV.    Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 11), is granted. Johnson's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability from a district court's denial of habeas relief. 28 U.S.C. § 2253(c)(2). This is a jurisdictional requirement. *Miller-El v. Cockrell,* 537 U.S. 322 (2003) (citing 28 U.S.C. § 2253(c)(1)). A certificate of appealability will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983) (citation and internal quotation marks omitted). "This threshold

inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Id.* Rather, "'[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 1040 (citing *Slack v. McDaniel,* 529 U.S. 473, 484).

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The court finds that Johnson has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not issue.

SIGNED on May 19, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge